UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>Houssam Rabi d/b/a Hoo-Sizzy,<br><br>        Defendant. | Case No.  1:17-cv-00418<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>(1) TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;<br>(2) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);<br>(3) TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);<br>(4) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);<br>(5) PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271<br>(6) COMMON LAW TRADE DRESS INFRINGEMENT;<br>(7) COMMON LAW UNFAIR COMPETITION;<br>(8) COMMON LAW MISAPPROPRIATION; AND<br>(9) UNJUST ENRICHMENT.<br><br>**Jury Trial Demanded** |

**COMPLAINT**

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Houssam Rabi d/b/a Hoo-Sizzy ("Hoo-Sizzy"), alleges as follows:

**The Parties**

1.    YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5301 Southwest Parkway, Suite 200, Austin, TX 78735.

2.      On information and belief, Houssam Rabi is an individual residing at 3413 Petunia Crescent, Virginia Beach, VA 23453, that does business under the name Hoo-Sizzy, including through retailers such as Amazon.

## Jurisdiction and Venue

3.      This is an action for trade dress dilution, trade dress infringement, unfair competition and false designation of origin, patent infringement, misappropriation, and unjust enrichment.  This action arises under the Texas Business & Commerce Code, the Trademark Act of 1946, 15 U.S.C. § 1051, et seq. ("the Lanham Act"), the Patent Act, 35 U.S.C. § 1, et seq., federal common law, and state common law, including the law of Texas.

4.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

5.      This Court has personal jurisdiction over Hoo-Sizzy because, *inter alia*, Hoo-Sizzy is doing business in the State of Texas, including in this District. For example, and as discussed in more detail below, (i) Hoo-Sizzy has advertised, promoted, offered for sale, sold, and/or distributed, and continues to advertise, promote, offer for sale, sell, and/or distribute, infringing products to customers and/or potential customers, including in this District, at least through Amazon, (ii) Hoo-Sizzy's tortious acts giving rise to this lawsuit and harm to YETI are occurring in the State of Texas, including in this District, (iii) on information and belief, Hoo-Sizzy acted with knowledge that its unauthorized use of YETI's rights would cause harm to YETI in the State of Texas and in this District, and (iv) Hoo-Sizzy's customers and/or potential customers reside in the State of Texas, including in this District.

6.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

**General Allegations – YETI's Intellectual Property**

7.     For several years, YETI has continuously engaged in the development, manufacture, and sale of insulated products, including insulated drinkware.  YETI created unique, distinctive, and non-functional designs to use with YETI's insulated drinkware.  YETI has extensively and continuously promoted and used these designs for years in the United States and in Texas.  Through that extensive and continuous promotion and use, YETI's designs have become well-known indicators of the origin and quality of YETI's insulated drinkware products.  YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.  As discussed in more detail below, YETI owns trade dress rights relating to its insulated drinkware designs.

8.     Several years ago, YETI introduced its 30 oz. Rambler™ Tumbler, 20 oz. Rambler™ Tumbler, 64 oz. Rambler® Bottle, and 36 oz. Rambler® Bottle (collectively, "Rambler™ Drinkware").  YETI has sold millions of the Rambler™ Drinkware throughout the United States, including sales to customers in the State of Texas.  YETI has invested significant resources in the design, development, manufacture, advertising, and marketing of the Rambler™ Drinkware.  The designs and features of the Rambler™ Drinkware have received widespread and unsolicited public attention.  For example, the Rambler™ Drinkware have been featured in numerous newspaper, magazine, and Internet articles.

9.     The designs of the Rambler™ Drinkware have distinctive and non-functional features that identify to consumers that the origin of the Rambler™ Drinkware is YETI.  As a result of at least YETI's continuous and exclusive use of the Rambler™ Drinkware, YETI's marketing, advertising, and sales of the Rambler™ Drinkware, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the

designs and appearances of the Rambler™ Drinkware, which consumers have come to uniquely associate with YETI.

10.     An exemplary image of a YETI 30 oz. Rambler™ Tumbler is shown below.

| Illustration 1:  Exemplary Image of a YETI 30 oz. Rambler™ Tumbler. |
| --- |
|  |

11.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 30 oz. Rambler™ Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the profile of the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the walls of the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the rim of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the style line around the base of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 30

4

oz. Rambler™ Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 30 oz. Rambler™ Tumbler; the color contrast and color combinations of the YETI 30 oz. Rambler™ Tumbler and the tumbler lid of the YETI 30 oz. Rambler™ Tumbler; and the relationship of these features to each other and to other features.

12.     An exemplary image of a YETI 20 oz. Rambler™ Tumbler is shown below:

| Illustration 2:  Exemplary Image of a YETI 20 oz. Rambler™ Tumbler. |
| --- |



13.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 20 oz. Rambler™ Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler; the design and appearance of the profile of the YETI 20 oz. Rambler™ Tumbler; the design and appearance of the walls of the YETI 20 oz. Rambler™ Tumbler;  the design and appearance of the rim of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the taper in  the side wall of the

YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the style line around the base of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 20 oz. Rambler™ Tumbler; the color contrast and color combinations of the YETI 20 oz. Rambler™ Tumbler and the tumbler lid of the YETI 20 oz. Rambler™ Tumbler; and the relationship of these features to each other and to other features.

14.    An exemplary image of a YETI 64 oz. Rambler® Bottle is shown below:

| Illustration 3:  Exemplary Image of a YETI 64 oz. Rambler® Bottle. |
| :---: |



15.    YETI has trade dress rights in the overall look, design, and appearance of the YETI 64 oz. Rambler® Bottle, which includes the design and appearance of the curves, tapers, and lines in the YETI 64 oz. Rambler® Bottle; the design and appearance of the profile of the

YETI 64 oz. Rambler® Bottle; the design and appearance of the walls of the YETI 64 oz. Rambler® Bottle; the design and appearance of the rim of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the side wall of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the style line around the base of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the cap of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the handle on the cap of the YETI 64 oz. Rambler® Bottle;  the design, appearance, and placement of the top plane of the cap of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the side walls of the cap of the YETI 64 oz. Rambler® Bottle; the color contrast and color combinations of the YETI 64 oz. Rambler® Bottle and the cap of the YETI 64 oz. Rambler® Bottle; and the relationship of these features to each other and to other features.

16.    An exemplary image of a YETI 36 oz. Rambler® Bottle is shown below:

| Illustration 4:  Exemplary Image of a YETI 36 oz. Rambler® Bottle. |
|---|
|  |

17.    YETI has trade dress rights in the overall look, design, and appearance of the YETI 36 oz. Rambler® Bottle, which includes the design and appearance of the curves, tapers, and lines in the YETI 36 oz. Rambler® Bottle; the design and appearance of the profile of the YETI 36 oz. Rambler® Bottle; the design and appearance of the walls of the YETI 36 oz. Rambler® Bottle; the design and appearance of the rim of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the side wall of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the style line around the base of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the cap of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the handle on the cap of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the top plane of the cap of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the side walls of the cap of the YETI 36 oz.

Rambler® Bottle; the color contrast and color combinations of the YETI 36 oz. Rambler® Bottle and the cap of the YETI 36 oz. Rambler® Bottle; and the relationship of these features to each other and to other features.

18.     As a result of YETI's exclusive, continuous, and substantial use, advertising, and sales of insulated drinkware products bearing YETI's trade dress, and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's trade dress as a source identifier of YETI.

19.     YETI also owns U.S. Design Patent No. D783,367 ("the '367 patent"), U.S. Design Patent No. D783,368 ("the '368 patent"), U.S. Design Patent No. D774,363 ("the '363 patent"), U.S. Design Patent No. D781,662 ("the '662 patent"), U.S. Design Patent No. D782,881 ("the '881 patent"), U.S. Design Patent No. D760,586 ("the '586 patent") (collectively, "YETI's design patents"), all related to a bottle and/or lid.

20.     The '367 patent is entitled "Bottle."  On April 11, 2017, the '367 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '367 patent.  A copy of the '367 patent is attached as Exhibit 1. An exemplary figure from the '367 patent is shown in Illustration 5 below.

| Illustration 5:  Exemplary Figure from the '367 patent. |
|---|



FIG. 1

21.   The '368 patent is entitled "Bottle."  On April 11, 2017, the '368 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '368 patent.  A copy of the '368 patent is attached as Exhibit 2. An exemplary figure from the '368 patent is shown in Illustration 6 below.

| Illustration 6:  Exemplary Figure from the '368 Patent. |
| --- |



FIG. 1

22.     The '363 patent is entitled "Bottle."  On December 20, 2016, the '363 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '363 patent.  A copy of the '363 patent is attached as Exhibit 3. An exemplary figure from the '363 patent is shown in Illustration 7 below.

| Illustration 7:  Exemplary Figure from the '363 Patent. |
|---|



FIG. 1

23.      The '662 patent is entitled "Bottle." On March 21, 2017, the '662 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '662 patent.  A copy of the '662 patent is attached as Exhibit 4. An exemplary figure from the '662 patent is shown in Illustration 8 below.

| Illustration 8: Exemplary Figure from the '662 Patent. |
|---|



FIG. 1

24. The '881 patent is entitled "Bottle." On April 4, 2017, the '881 patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '881 patent. A copy of the '881 patent is attached as Exhibit 5. An exemplary figure from the '881 patent is shown in Illustration 9 below.

| Illustration 9:  Exemplary Figure from the '881 Patent. |
| --- |



FIG. 1

25.     The '586 patent is entitled "Lid." On July 5, 2016, the '586 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '586 patent.  A copy of the '586 patent is attached as Exhibit 6. An exemplary figure from the '586 patent is shown in 10 below.

| Illustration 10:  Exemplary Figure from the '586 Patent. |
|---|



**FIG. 1**

### General Allegations – Hoo-Sizzy' Unlawful Activities

26.    Hoo-Sizzy has purposefully advertised, promoted, offered for sale, sold, and/or distributed, and continues to advertise, promote, offer for sale, sell, and/or distribute products that violate YETI's rights, including the rights protected by YETI's intellectual property.   On information and belief, Hoo-Sizzy also is making such infringing products and/or importing such infringing products into the United States.   Hoo-Sizzy's infringing products are confusingly similar imitations of YETI's products and are in the same size as YETI's products.  Hoo-Sizzy's actions have all been without the authorization of YETI.

27.    Hoo-Sizzy's infringing products include at least its 30 oz. tumbler products, 20 oz. tumbler products, 64 oz. bottle products, and 36 oz. bottle products, including, for example, the Titan 30 oz. tumbler, the Titan 20 oz. tumbler, the Titan 64 oz. bottle, and the Titan 36 oz. bottle.

15

28.     Exemplary images of Hoo-Sizzy's infringing products are also shown below:

| **Illustration 11:   Exemplary Image of Hoo-Sizzy's Infringing 30 oz. Tumbler Products.** |
|---|



| **Illustration 12:   Exemplary Image of Hoo-Sizzy's Infringing 20 oz. Tumbler Products.** |
|---|



**Illustration 13:  Exemplary Image of Hoo-Sizzy's Infringing 64 oz. Bottle Products.**



**Illustration 14:  Exemplary Image of Hoo-Sizzy's Infringing 36 oz. Bottle Products.**



29.     As a result of Hoo-Sizzy's activities related to the infringing products, there is a likelihood of confusion between Hoo-Sizzy and its products on the one hand, and YETI and its

products on the other hand.

30.     YETI used its trade dress extensively and continuously before Hoo-Sizzy began advertising, promoting, selling, offering to sell, or distributing its infringing products.  Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Hoo-Sizzy commenced unlawful use of YETI's trade dress.

31.     As discussed above and as set forth in the counts below, Hoo-Sizzy' actions are unfair and unlawful.

**Count I:**
**Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103**

32.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 31 as though fully set forth herein.

33.     Based on the activities described above, including, for example, Hoo-Sizzy's advertising, promoting, offering for sale, selling, and distributing the infringing products, Hoo-Sizzy is likely to dilute, has diluted, and continues to dilute YETI's trade dress in violation of § 16.103 of the Texas Business & Commerce Code.  Hoo-Sizzy's use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

34.     YETI's trade dress is famous and is entitled to protection under Texas law. YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States and in the

18

State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Hoo-Sizzy commenced its unlawful use of YETI's trade dress in connection with the infringing products.

35.    Hoo-Sizzy's use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

36.    On information and belief, Hoo-Sizzy's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Hoo-Sizzy's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Hoo-Sizzy's continuing disregard for YETI's rights.

37.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Hoo-Sizzy's profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count II:**
**Trade Dress Infringement Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

38.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 37 as though fully set forth herein.

39.     Hoo-Sizzy's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing YETI's trade dress.  Hoo-Sizzy's use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Hoo-Sizzy with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

40.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Hoo-Sizzy commenced its unlawful use of YETI's trade dress in connection with the infringing products.

41.     Hoo-Sizzy's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

42.     On information and belief, Hoo-Sizzy's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Hoo-Sizzy's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Hoo-Sizzy's continuing disregard for YETI's rights.

43.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Hoo-Sizzy's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

### Count III:
### Trade Dress Dilution Under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

44.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 43 as though fully set forth herein.

45.     Based on the activities described above, including, for example, Hoo-Sizzy's advertising, promoting, offering for sale, selling, and distributing the infringing products, Hoo-Sizzy is likely to dilute, has diluted, and continues to dilute YETI's famous trade dress in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  Hoo-Sizzy's use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

46.     YETI's trade dress is famous and is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States.  Through that extensive and continuous use, YETI's

trade dress has become a famous well-known indicator of the origin and quality of YETI's products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress became famous and acquired this secondary meaning before Hoo-Sizzy commenced its unlawful use of YETI's trade dress in connection with the infringing products.

47.     Hoo-Sizzy's use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

48.     On information and belief, Hoo-Sizzy's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Hoo-Sizzy's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Hoo-Sizzy's continuing disregard for YETI's rights.

49.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Hoo-Sizzy's profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count IV:**
**Unfair Competition and False Designation of Origin Under § 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

50.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 49 as though fully set forth herein.

51.     Hoo-Sizzy's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because Hoo-Sizzy obtained an unfair advantage as compared to YETI through Hoo-Sizzy's use of YETI's trade dress and because such uses are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

52.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Hoo-Sizzy commenced its unlawful use of YETI's trade dress in connection with the infringing products.

53.     Hoo-Sizzy's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

54.     On information and belief, Hoo-Sizzy's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Hoo-Sizzy's bad faith is

evidenced at least by the similarity of the infringing products to YETI's trade dress and by Hoo-Sizzy's continuing disregard for YETI's rights.

55.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Hoo-Sizzy's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count V:**
**Patent Infringement of U.S. Patent D783,367 Under 35 U.S.C. § 271**

56.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 55 as though fully set forth herein.

57.     Hoo-Sizzy has infringed and continues to infringe the '367 patent at least by using, selling, and offering to sell Hoo-Sizzy's infringing 36 oz. bottles, and on information and belief by making and/or importing into the United States Hoo-Sizzy's infringing 36 oz. bottles, which are covered by the claim of the '367 patent.

58.     Hoo-Sizzy's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

59.     On information and belief, Hoo-Sizzy's infringement of the '367 patent has been, and continues to be, deliberate, intentional, and willful.

60.     On information and belief, this is an exceptional case in view of Hoo-Sizzy's unlawful activities, including Hoo-Sizzy's deliberate, intentional, and willful infringement.

61.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

62.     Hoo-Sizzy also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count VI:**
**Patent Infringement of U.S. Patent D783,368 Under 35 U.S.C. § 271**

63.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 62 as though fully set forth herein.

64.     Hoo-Sizzy has infringed and continues to infringe the '368 patent at least by using, selling, and offering to sell Hoo-Sizzy's infringing 36 oz. bottles, and on information and belief by making and/or importing into the United States Hoo-Sizzy infringing 36 oz. bottles, which are covered by the claim of the '368 patent.

65.     Hoo-Sizzy's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

66.     On information and belief, Hoo-Sizzy's infringement of the '368 patent has been, and continues to be, deliberate, intentional, and willful.

67.     On information and belief, this is an exceptional case in view of Hoo-Sizzy's unlawful activities, including Hoo-Sizzy's deliberate, intentional, and willful infringement.

68.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

69.     Hoo-Sizzy also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count VII:**
**Patent Infringement of U.S. Patent D774,363 Under 35 U.S.C. § 271**

70.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 69 as though fully set forth herein.

71.     Hoo-Sizzy has infringed and continues to infringe the '363 patent at least by using, selling, and offering to sell the Hoo-Sizzy infringing 64 oz. bottles, and on information and belief by making and/or importing into the United States the Hoo-Sizzy infringing 64 oz. bottles, which are covered by the claim of the '363 patent.

72.     Hoo-Sizzy's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

73.     On information and belief, Hoo-Sizzy's infringement of the '363 patent has been, and continues to be, deliberate, intentional, and willful.

74.     On information and belief, this is an exceptional case in view of Hoo-Sizzy's unlawful activities, including Hoo-Sizzy's deliberate, intentional, and willful infringement.

75.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

76.     Hoo-Sizzy also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count VIII:**
**Patent Infringement of U.S. Patent D781,662 Under 35 U.S.C. § 271**

77.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 76 as though fully set forth herein.

78.    Hoo-Sizzy has infringed and continues to infringe the '662 patent at least by using, selling, and offering to sell Hoo-Sizzy's infringing 64 oz. bottles, and on information and belief by making and/or importing into the United States Hoo-Sizzy's infringing 64 oz. bottles, which are covered by the claim of the '662 patent.

79.    Hoo-Sizzy's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

80.    On information and belief, Hoo-Sizzy's infringement of the '662 patent has been, and continues to be, deliberate, intentional, and willful.

81.    On information and belief, this is an exceptional case in view of Hoo-Sizzy's unlawful activities, including Hoo-Sizzy's deliberate, intentional, and willful infringement.

82.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

83.    Hoo-Sizzy also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count IX:
### Patent Infringement of U.S. Patent D782,881 Under 35 U.S.C. § 271

84.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 83 as though fully set forth herein.

85.    Hoo-Sizzy has infringed and continues to infringe the '881 patent at least by using, selling, and offering to sell Hoo-Sizzy 's infringing 64 oz. bottles, and on information and belief by making and/or importing into the United States Hoo-Sizzy's infringing 64 oz. bottles, which are covered by the claim of the '881 patent.

27

86.     Hoo-Sizzy's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

87.     On information and belief, Hoo-Sizzy's infringement of the '881 patent has been, and continues to be, deliberate, intentional, and willful.

88.     On information and belief, this is an exceptional case in view of Hoo-Sizzy's unlawful activities, including Hoo-Sizzy's deliberate, intentional, and willful infringement.

89.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

90.     Hoo-Sizzy also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count X:**
**Patent Infringement of U.S. Patent D760,586 Under 35 U.S.C. § 271**

91.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 90 as though fully set forth herein.

92.     Hoo-Sizzy has infringed and continues to infringe the '586 patent at least by using, selling, and offering to sell Hoo-Sizzy's infringing lids with their bottles, and on information and belief by making and/or importing into the United States Hoo-Sizzy's infringing lids with their bottles, which are covered by the claim of the '586 patent.

93.     Hoo-Sizzy's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

94.     On information and belief, Hoo-Sizzy's infringement of the '586 patent has been, and continues to be, deliberate, intentional, and willful.

28

95.     On information and belief, this is an exceptional case in view of Hoo-Sizzy's unlawful activities, including Hoo-Sizzy's deliberate, intentional, and willful infringement.

96.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

97.     Hoo-Sizzy also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XI:**
**Common Law Trade Dress Infringement**

98.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 97 as though fully set forth herein.

99.     Hoo-Sizzy's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because Hoo-Sizzy's use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

100.    YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this

secondary meaning before Hoo-Sizzy commenced its unlawful use of YETI's trade dress in connection with the infringing products.

101.   Hoo-Sizzy's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

102.   On information and belief, Hoo-Sizzy's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Hoo-Sizzy's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Hoo-Sizzy's continuing disregard for YETI's rights.

103.   YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Hoo-Sizzy's profits, punitive damages, costs, and reasonable attorney fees.

## Count XII:
## Common Law Unfair Competition

104.   YETI realleges and incorporates the allegations set forth in paragraphs 1 through 103 as though fully set forth herein.

105.   Hoo-Sizzy's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Hoo-Sizzy's goods, by simulating YETI's trade dress in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.  Hoo-Sizzy has also interfered with YETI's business.

106.   YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Hoo-Sizzy commenced its unlawful use of YETI's trade dress in connection with the infringing products.

107.   Hoo-Sizzy's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

108.   On information and belief, Hoo-Sizzy's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Hoo-Sizzy's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Hoo-Sizzy's continuing disregard for YETI's rights.

109.   YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Hoo-Sizzy's profits, punitive damages, costs, and reasonable attorney fees.

### Count XIII:
### Common Law Misappropriation

110.   YETI realleges and incorporates the allegations set forth in paragraphs 1 through 109 as though fully set forth herein.

31

111.   Hoo-Sizzy's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law misappropriation.

112.   YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  Hoo-Sizzy has wrongfully used YETI's trade dress, and/or colorable imitations thereof in competition with YETI and gained a special advantage because Hoo-Sizzy was not burdened with the expenses incurred by YETI.  Hoo-Sizzy has commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

113.   YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.   YETI's trade dress has also acquired substantial secondary meaning in the marketplace.   Moreover, YETI's trade dress acquired this secondary meaning before Hoo-Sizzy commenced its unlawful use of YETI's trade dress in connection with the infringing products.

114.   Hoo-Sizzy's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress

with YETI and YETI's drinkware products.  Moreover, as a result of its misappropriation, Hoo-Sizzy has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress, YETI's products, and YETI.

115.   Hoo-Sizzy's misappropriation of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Hoo-Sizzy's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Hoo-Sizzy's continuing disregard for YETI's rights.

116.   YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Hoo-Sizzy's profits, punitive damages, costs, and reasonable attorney fees.

**Count XIV:**
**Unjust Enrichment**

117.   YETI realleges and incorporates the allegations set forth in paragraphs 1 through 116 as though fully set forth herein.

118.   Hoo-Sizzy's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute unjust enrichment, at least because Hoo-Sizzy has wrongfully obtained benefits at YETI's expense.  Hoo-Sizzy has also, *inter alia*, operated with an undue advantage.

119.   YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  Hoo-Sizzy has wrongfully used and is wrongfully using YETI's trade dress, and/or colorable imitations thereof, in competition with YETI, and has gained and is gaining a wrongful benefit by undue advantage through such use.  Hoo-Sizzy has not been burdened with the expenses incurred by YETI, yet Hoo-Sizzy is obtaining the resulting benefits for its own business and products.

120.   YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.   YETI's trade dress has also acquired substantial secondary meaning in the marketplace.   Moreover, YETI's trade dress acquired this secondary meaning before Hoo-Sizzy commenced its unlawful use of YETI's trade dress and/or colorable imitations thereof in connection with the infringing products.

121.   Hoo-Sizzy's use of YETI's trade dress and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's drinkware products.   YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.  Hoo-Sizzy has wrongfully obtained and is wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

122.   Hoo-Sizzy's unjust enrichment at YETI's expense has been intentional, willful, and malicious.   Hoo-Sizzy's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Hoo-Sizzy's continuing disregard for YETI's rights.

123.   YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Hoo-Sizzy's profits.

## Demand for Jury Trial

YETI hereby demands a jury trial on all issues so triable.

## Relief Sought

WHEREFORE, Plaintiff respectfully prays for:

1.      Judgment that Hoo-Sizzy has (i) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (ii) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (iii) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (iv) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (v) infringed the '367 patent in violation of § 271 of Title 35 in the United States Code; (vi) infringed the '368 patent in violation of § 271 of Title 35 in the United States Code; (vii) infringed the '363 patent in violation of § 271 of Title 35 in the United States Code; (viii) infringed the '662 patent in violation of § 271 of Title 35 in the United States Code; (ix) infringed the '881 patent in violation of § 271 of Title 35 in the United States Code; (x) infringed the '586 patent in violation of § 271 of Title 35 in the United States Code; (xi) violated YETI's common law rights in YETI's trade dress; (xii) engaged in common law unfair competition; (xiii) engaged in common law misappropriation; and (xiv) been unjustly enriched at YETI's expense, and that all of these wrongful activities by Hoo-Sizzy were willful;

2.      An injunction against further infringement and dilution of YETI's trade dress, further infringement of YETI's design patents, further acts of unfair competition, misappropriation, and unjust enrichment by Hoo-Sizzy, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the

infringing products, or any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress, pursuant to at least 15 U.S.C. § 1116   and Tex. Bus. & Com. Code § 16.104, and 35 U.S.C. § 283;

3.     An Order directing Hoo-Sizzy to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.     An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress in Hoo-Sizzy' possession or control, (iii) all plates, molds, and other means of making the infringing products in Hoo-Sizzy' possession, custody, or control, and (iv) all advertising materials related to the infringing products in Hoo-Sizzy' possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.     An Order directing Hoo-Sizzy to publish a public notice providing proper attribution of YETI's trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

6.     An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.     An award of damages adequate to compensate YETI for the patent infringements that have occurred pursuant to 35 U.S.C. § 284, and/or an award of Hoo-Sizzy's profits from their patent infringements pursuant to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant to 35 U.S.C. §§ 284 and 285;

8.      An award of Hoo-Sizzy' profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 1125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

9.      Such other and further relief as this Court deems just and proper.


Dated:  May 5, 2017                  Respectfully submitted,


                                     By: /s/ Joseph J. Berghammer

                                     Joseph J. Berghammer (admitted in the Western
                                     District of Texas)
                                     Illinois Bar No. 6273690
                                     jberghammer@bannerwitcoff.com
                                     J. Pieter van Es (admitted in the Western District of
                                     Texas)
                                     Illinois Bar No. 6210313
                                     pvanes@bannerwitcoff.com
                                     John A. Webb, Jr. *(pro hac vice forthcoming)*
                                     Illinois Bar No. 6321695
                                     jwebb@bannerwitcoff.com
                                     Banner & Witcoff, Ltd.
                                     Ten South Wacker Drive
                                     Suite 3000
                                     Chicago, IL 60606-7407
                                     Telephone: (312) 463-5000
                                     Facsimile: (312) 463-5001

                                     **ATTORNEYS FOR YETI COOLERS, LLC**